IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

JOHN WILLIAM ARNZEN, III,

    Petitioner,

vs.

STATE OF IOWA AND THOMAS
MILLER, Attorney General,
State of Iowa,

    Respondent.

No. 13-CV-4006-DEO

ORDER

Presently before the Court is Petitioner John William Arnzen's [hereinafter Mr. Arnzen] application pursuant to 28 U.S.C. § 2254 for a Writ of Habeas Corpus[1] (Docket No. 1), application to proceed in forma pauperis (Docket No. 2) and application to appoint counsel (Docket No. 3).

I.    IN FORMA PAUPERIS

The doctrine of in forma pauperis allows a plaintiff to proceed without incurring filing fees or other Court costs. 28 U.S.C. § 1915(a)(1). However, prisoners must meet certain requirements in order to have their filing fee waived. 28

---

[1] The Court notes that Petitioner submitted a filing fee in the amount of $5.00, on the same date he submitted his pro se petition, pro se motion for in forma pauperis, and pro se motion for appointed counsel.

U.S.C. 1915(a)-(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). Under the statute, prisoners are required to pay filing fees over time and are not entitled to proceed in forma pauperis as to filing fees. Id. However, CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators."[2] Moreover, the Iowa Code specifies that the types of persons confined at CCUSO are not prisoners. They are civilly committed patients who suffer from a "mental abnormality." I.C.A. § 229A (generally); I.C.A. § 229A.2(11). Accordingly, individuals held due to civil commitment under I.C.A. § 229A are not prisoners and are not subject to 28 U.S.C. § 1915(a)-(b). See Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001), stating that those committed to state hospitals are not prisoners as defined under 28 U.S.C. § 1915; Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982), stating that individuals who are involuntarily committed "are entitled to more

---

[2] Iowa Department of Human Services Offer #401-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited January 22, 2013.

considerate treatment than criminals whose conditions of confinement are designed to punish;" and <u>Michau v. Charleston County, S.C.</u>, 434 F.3d 725 (4th Cir. 2006), *cert. denied* <u>Michau v. Charleston County, S.C.</u>, 126 S. Ct. 2936 (2006), stating that:

> [h]owever, [plaintiff] is presently being detained under the SVPA, which creates a system of civil, not criminal, detention. ... see also <u>Kansas v. Hendricks</u>, 521 U.S. 346, 365-69 (1997) (concluding that Kansas's Sexually Violent Predators Act established civil rather than criminal detention scheme). Because [plaintiff's] detention under the SVPA is not the result of a violation of criminal law, or of the terms of parole, probation, or a pretrial diversionary program, he does not meet the PLRA's definition of [a prisoner]. See ... <u>Page v. Torrey</u>, 201 F.3d 1136, 1139-40 (9th Cir.2000) (concluding that a person detained under state's civil sexually violent predator act is not a prisoner within meaning of PLRA). Accordingly, the PLRA provides no basis for the dismissal of [plaintiff's] complaints.

<u>Id.</u> at 727-28. (Some internal citations omitted.)

In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[3] with the

---

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th (continued...)

3

following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1).

Mr. Arnzen's application substantially meets the above requirements. **Mr. Arnzen's Motion to Proceed in Forma Pauperis is granted. In addition to requesting in Forma Pauperis status, Mr. Arnzen also submitted a filing fee with his petition and pending motions. Because of the submitted filing fee, the petition has already filed/docketed by the Clerk of Court (Docket No. 1). The Court is persuaded that upon its determination that Mr. Arnzen is entitled to in forma pauperis status, the Clerk of Court shall refund Mr. Arnzen his submitted $5.00 filing fee. No filing fee will be assessed.**

However, once any portion of a filing fee is waived, a court must dismiss the case if a the Petitioners's allegations

---

[3](...continued)
ed. 2009), affidavit.

4

of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## II. ANALYSIS

The Court cannot consider Petitioner's § 2254 application at this time because Petitioner previously brought a § 2254 action in federal court. See ARNZEN v. STATE OF IOWA et al., No. 12-CV-4037-DEO, where his application was dismissed. According to the Code, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C.A.§ 2244. Petitioner has not received authorization from the Eighth Circuit Court of Appeals to file the present 28 U.S.C. § 2254 Application for a Writ of Habeas Corpus. He must do so prior to filing this action, and a copy of 28 U.S.C.A. § 2244 is attached to this Order.

III. CONCLUSION

Petitioner's motion to proceed in forma pauperis, Docket No. 2, is **granted**. **The Clerk of Court is directed to return the Petitioner's submitted $5.00 filing fee**. Petitioner's pro se motion to appoint counsel, Docket No. 3, is **denied**. This case is **dismissed without prejudice**, with the understanding that Petitioner may re-file his habeas corpus petition <u>only if</u> he receives authorization to do so from the United States Court of Appeals for the Eighth Circuit.

**IT IS SO ORDERED** this 23rd day of January, 2013.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa

United States Code Annotated
 Title 28. Judiciary and Judicial Procedure (Refs & Annos)
  Part VI. Particular Proceedings
   Chapter 153. Habeas Corpus (Refs & Annos)

28 U.S.C.A. § 2244

§ 2244. Finality of determination

Effective: April 24, 1996
Currentness

(a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

**(c)** In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the applicant for the writ of habeas corpus could not have caused such fact to appear in such record by the exercise of reasonable diligence.

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**Credits**
(June 25, 1948, c. 646, 62 Stat. 965; Nov. 2, 1966, Pub.L. 89-711, § 1, 80 Stat. 1104; Apr. 24, 1996, Pub.L. 104-132, Title I, §§ 101, 106, 110 Stat. 1217, 1220.)

Notes of Decisions (1876)

28 U.S.C.A. § 2244, 28 USCA § 2244
Current through P.L. 112-207 approved 12-7-12

End of Document © 2013 Thomson Reuters. No claim to original U.S. Government Works.